UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

In re:

RIDGEWOOD REALTY OF L.I. INC. a/k/a SK
MULBERRY CONTRACT CORP.

                        Debtor.
-----------------------------------------------------------X

Chapter 11

Case No.: 12-14085 MEW

## MEMORANDUM OPINION DENYING DEBTOR'S
## MOTION TO REVOKE CONFIRMATION ORDER

      Ridgewood Realty of L.I. Inc. (the "Debtor") has filed a motion to revoke the Order [ECF No. 207] by which this Court confirmed a plan of reorganization filed by SAC427 111414 LLC ("SAC"). The Debtor alleges that SAC transferred ownership of the underlying secured note and mortgage to another entity in February 2015, and that SAC therefore lacked standing to propose and to obtain confirmation of a plan. The Debtor also filed an Order to Show Cause seeking a hearing on its motion, and the Court directed the parties to address the motion at a trial that had been previously scheduled to consider the proposed sales of properties under the confirmed plan.

      After trial the Court found that SAC has provided clear and convincing proof that its assignment of the underlying note and mortgage was intended to be an assignment for security purposes only and not an absolute assignment. The evidence included (a) an Assignment Agreement that was submitted in evidence as Exhibit 6, which in several places stated the parties' intent to provide an assignment solely for purposes of security; (b) the testimony of Mr. Goldwasser, who executed the assignment documents on behalf of SAC and who confirmed that SAC only made an assignment for purposes of security; and (c) a Correction Agreement by which SAC and its assignee each agreed that the assignment had always been for purposes of

security only and that no other form of assignment had been intended. The contrary evidence submitted by the Debtor was the "Assignment of Mortgage" form that was filed in the property records, which had been an Exhibit to the Assignment Agreement itself. The filed "Assignment of Mortgage" did not state that the assignment was for security purposes, but in that respect the Assignment of Mortgage was at odds with the plain language of the Assignment Agreement to which it was attached, and at odds with the clear evidence at trial as to the parties' intent.

The Court directed the parties to submit legal authorities as to whether the execution and filing of the Assignment of Mortgage had the effect of creating an absolute assignment notwithstanding the contrary language of the Assignment Agreement and notwithstanding the Court's factual findings as to the parties' intent. The Court has reviewed the submissions of the parties and the authorities cited therein. Many prior decisions have confirmed that the execution and/or filing of an "absolute" form of assignment is not controlling if other evidence shows clearly that the parties actually intended an assignment solely for purposes of security. *See, e.g.*, *In re Joseph Kanner Hat Co.*, 482 F.2d 937, 940–41 (2d Cir. 1973); *Wells Fargo Northwest Bank, N.A. v. Varig S.A.*, No. 02 Civ. 6078, 2003 U.S. Dist. LEXIS 10812, at *6–8 (S.D.N.Y. June 27, 2003); *Breeden v. Bennett (In re Bennett Funding Group, Inc.)*, 220 B.R. 743, 762 (Bankr. N.D.N.Y. 1997); *In re Candy Lane Corp.*, 38 B.R. 571, 577 (Bankr. S.D.N.Y. 1984); *Frensdorf v. Stumpf*, 30 N.Y.S.2d 211, 218 (N.Y. Sup. Ct. 1976). The evidence here – especially the plain language of the Assignment Agreement – is clear and convincing and shows that SAC made an assignment solely for purposes of security.

The Debtor argued in its submission that the recent Correction Agreement should not be given retroactive effect and that SAC's standing should be measured at the time it actually proposed a plan of reorganization. However, it is not necessary for the Court to consider

whether the Correction Agreement has a retroactive effect.  The Court has already found that SAC and its assignee did not intend to make an absolute assignment and only made an assignment for security purposes.  By virtue of these findings, and under the authorities cited above, SAC continued to be the beneficial owner of the note and mortgage at the time it filed its proposed plan and at all times thereafter.

The motion to revoke the confirmation order is therefore denied.  The Court also ruled at the conclusion of the sale hearing that the sales of properties to certain "stalking horse" bidders should be approved.  SAC is directed to settle an order that denies the motion to revoke the plan confirmation and that approves the proposed sales.

Dated:  New York, New York
        December 1, 2015

                                        **s/Michael E. Wiles**
                                        UNITED STATES BANKRUPTCY JUDGE